UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON C. ODIE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:20-CV-04039-KES<br><br><br>ORDER ALLOWING PETITIONER TO FILE A BRIEF |

Petitioner, Clifton C. Odie, filed a petition for writ of habeas corpus under 28 U.S.C. § 2255. Docket 1. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's March 9, 2015, standing order.

Respondent moves to dismiss Odie's petition under Federal Rule of Civil Procedure 12(b)(6). Docket 13. The Magistrate Judge filed a report and recommendation that recommended appointment of counsel and an evidentiary hearing. Docket 17. Respondent objects to the report and recommendation. Docket 29.

I.  **Factual Background**

Odie pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] CR. Docket 91 at 2. Prior to the change of plea

---

[1] Odie's criminal case, 17-CR-40016-KES, will be cited as CR. Docket.

hearing, the government filed notice that it would seek an enhanced sentence under 21 U.S.C. § 851. CR. Docket 101. The enhancement was filed based on Odie's prior drug conviction for "possession of a controlled substance, judgment filed in Cook County, Illinois, on or about November 8, 2000." *Id.* The plea agreement set forth a 10-year mandatory minimum term of imprisonment with a possible maximum term of life imprisonment and a fine not to exceed $8 million. CR. Docket 91 at 2, 6.

The plea agreement stated Odie agreed that his prior drug conviction was a felony and he agreed to not contest this fact or the enhanced penalty that would result from the conviction. CR. Docket 91 at 6. During the change of plea hearing, Odie was asked whether he admitted he was convicted in 2000 in Cook County, Illinois, for possession of a controlled substance. CR. Docket 181 at 14. Odie's counsel stated "[W]e think it's a valid conviction. He doesn't specifically remember that. The Government has requested the DEA agents to produce additional documentation from Cook County, and that's on its way[.]" *Id.* Because Odie was not ready to admit that he was convicted of that offense, the court told the parties they would address the issue again before sentencing. *Id.* Odie agreed. *Id.*

Odie's factual basis statement did not mention the 2000 felony conviction. CR Docket 92. The presentence report (PSR) at ¶ 50 stated that Odie was convicted in case #00CR0761501 in Cook County, Illinois, of possession of a controlled substance on November 8, 2000, and he was sentenced to three years in prison. CR. Docket 148 at 12. Odie filed objections

to the PSR but he did not object to this conviction. CR. Docket 137. After resolving the objections to the PSR, the court found that Odie's total offense level was 37 and his criminal history category was III. CR. Docket 179 at 17. As a result, his advisory guideline range was 262-327 months' imprisonment. *Id.* The PSR did not note grounds for departure. CR. Docket 148 at 21.

During the sentencing hearing on January 3, 2018, Odie's counsel stated that Odie's 2000 Illinois conviction involved distribution of a small amount of marijuana. CR. Docket 179 at 22. The court did not readdress whether Odie admitted to his 2000 Illinois conviction. *See id.* The court downward varied and sentenced Odie to 240 months of imprisonment. *Id.* at 37. Odie did not file a direct appeal. He filed his current petition under 28 U.S.C. § 2255 on February 27, 2020, more than two years after being sentenced. *See* Docket 1. He raises a single issue: that his 2000 Illinois drug conviction did not qualify as a felony drug offense in order to enhance his sentence under 21 U.S.C. § 851(a). *Id.* at 4.

Respondent moves to dismiss the petition, asserting that Odie's petition is untimely and his claim is procedurally defaulted. Dockets 13, 14. In the report and recommendation, the Magistrate Judge recommended that Odie be appointed counsel and an evidentiary hearing be held. Docket 17 at 29. "[T]he court [cannot] conclude that his claim is procedurally unavailable, either due to statute of limitations or failure to file a direct appeal." Docket 17 at 28. In reaching this conclusion, the Magistrate Judge relied on Odie's argument that his petition was timely filed under 28 U.S.C. § 2255(f)(4) because of the

3

Seventh Circuit Court of Appeals decision in *United States v. De La Torre*, 940 F.3d 939 (7th Cir. 2019). *Id.* at 11-19. The Magistrate Judge also recommended that the court hear his procedurally defaulted claim and liberally construed a claim for the petitioner: that his plea was not voluntary. *See* Docket 17 at 19-29.

Respondent filed objections to the report and recommendation and contends that Odie's petition is not timely under § 2255(f)(4) because the statute "relates to newly discovered facts, not newly discovered circuit court case law." Docket 29 at 5. Respondent also argues that Odie's petition is not timely under § 2255(f)(3) and that his claim is procedurally barred. *Id.* at 6-9.

## II. Legal Standard

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### A. Legal Analysis

Odie contends that his petition is timely under 28 U.S.C. § 2255(f)(4). Docket 1. Section 2255(f)(4) states that the one-year statute of limitations shall run from "the date on which the facts supporting the claim or claims presented

4

could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Odie argues that he filed his petition shortly after the Seventh Circuit decided *De La Torre* in which the Seventh Circuit found that an Illinois state conviction for felony unlawful possession of a controlled substance under 720 ILCS 570/402(c) did not qualify as a prior felony drug offense for purposes of the § 851 enhancement. Docket 1; *De La Torre*, 940 F.3d at 949. This is the same statute used to enhance Odie's five-year mandatory minimum to a ten-year mandatory minimum in this case. The Magistrate Judge relied on Odie's argument that his petition was timely under § 2255(f)(4) because *De La Torre* concluded that a conviction under 720 ILCS 570/402(c) did not qualify as a felony drug offense for a § 851 enhancement. Docket 17 at 11-19.

Respondent objects to the report and recommendation and argues that Odie's petition is not timely, because Odie does not state "new facts" under § 2254(f)(4), but rather is new case law. Docket 29 at 5. In *Ingram v. United States*, the Eighth Circuit distinguished between a judicial decision and a new fact under § 2255(f)(4). 932 F.3d 1084, 1089 (8th Cir. 2019). "[A] judicial decision interpreting the law does not constitute a 'new fact' for purposes of § 2255(f)(4)." *Id.* (citing *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006)). A new fact is "subject to proof or disproof like any other factual issue." *Id.* (quoting *Johnson v. United states*, 544 U.S. 295, 307 (2005) (holding that a state court decision vacating a prior conviction constitutes a new fact.)). "A judicial decision, 'unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved.' " *Id.* at

5

1089-90 (holding that because petitioner relied on information contained within the Sentencing Commission's 2011 report as new facts and not the legal decision that followed, his petition was timely under § 2255(f)(4)).

Odie argues that *De La Torre* is the new fact that makes his petition timely under § 2255(f)(4). Docket 1. In *De La Torre*, the Seventh Circuit held that Illinois' statute 720 ILCS 570/402(c) was "categorically broader than the federal definition of a felony drug offense" and could not be used to enhance a sentence under § 851. 940 F.3d at 949. Here, the Magistrate Judge recommends that by applying the same categorical approach as the court did in *De La Torre*, "this court reaches the same conclusion: the elements of the Illinois statute are broader . . . so Mr Odie's 2000 Illinois conviction cannot form the basis of the government's § 851(a) information." Docket 17 at 15. The issue though is not whether the Illinois conviction was properly used to enhance the mandatory minimum sentence that Odie faced, but rather whether the *De La Torre* decision is a new fact that makes his § 2255 petition timely under § 2255(f)(4).

The Eighth Circuit in *Ingram* recognized that a judicial decision is not considered a new fact to trigger the timeframe to file a petition under § 2254(f)(4). *Ingram*, 932 F.3d at 1089-90. Similarly, in *E.J.R.E. v. United States*, the Eighth Circuit held that a judicial decision, "unlike a predicate conviction, is a ruling exclusively within the domain of courts and is incapable of being proved or disproved." 453 F.3d at 1098. The Second Circuit in *McCloud* held that a legal decision that altered the legal status of the

6

petitioner's predicate conviction without amending the conviction itself did not constitute a "new fact" under § 2255(f)(4). *McCloud v. United States*, 987 F.3d 261, 265 (2d Cir. 2021). "To interpret an intervening decision as a new fact simply because it has new legal implications would create a boundless, and unwarranted, expansion of § 2255(f)(4)." *Id.* Similarly, the Fourth Circuit in *Whiteside* held that a legal decision finding the petitioner's "prior drug offenses would no longer qualify as predicate felony conviction for purposes of sentencing enhancements" did not constitute a new fact under § 2255(f)(4). *Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014). The Fourth Circuit rendered this conclusion because the case the petitioner relied on did not alter petitioner's legal status as an offender but merely announced a "generally applicable legal rule." *Id.* at 184.

  Here, Odie asserts that the Seventh Circuit's decision in *De La Torre* affects the legal status of his predicate conviction. Docket 1. *See* Docket 1. His argument is parallel to the arguments asserted and rejected by the Second and Fourth Circuit. *See Whiteside*, 775 F.3d at 182; *McCloud*, 987 F.3d at 265. Additionally, his argument is not consistent with the prior decisions of the Eighth Circuit in *Ingram* and *E.J.R.E. See Ingram*, 932 F.3d at 1089; *E.J.R.E.*, 453 F.3d at 1098. Because Odie relies on the judicial decision in *De La Torre* and has not raised a new fact, his petition is not timely under § 2255(f)(4).

  This conclusion is supported by examining the principals behind 28 U.S.C. § 2255(f)(3), which provides that the one-year statute of limitations will begin to run only when a right is "newly recognized by the Supreme Court

7

and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The newly discovered right must be created by the United States Supreme Court and cannot be triggered by decisions taken from lower courts. *See E.J.R.E.*, 453 F.3d at 1098. As the Eighth Circuit recognized in *E.J.R.E.*,

> We believe Congress, by limiting paragraph [(f)(3)] in this fashion, impliedly rejected the notion that the creation of a new right by the Supreme Court that is not made retroactive to cases on collateral review, other rulings of law by the Supreme Court, and decisions taken from the courts of appeal in all instances, could trigger any of the limitations periods enumerated under § 2255.

*Id.*

Next, the court will examine whether Odie's petition for relief under § 2255(f)(1) is timely. Under § 2255(f)(1) of the Antiterrorism and Effective Death Penalty Act (AEDPA) a petitioner has one year to bring a § 2255 motion, with the limitations periods running from the latest of the date on which the judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, the statute of limitations began to run on January 17, 2018, 14 days after his sentencing. He did not file a notice of appeal.[2] His time to file a § 2255 petition expired on January 17, 2019. Because Odie filed his § 2255 petition on February 27, 2020, it is untimely under § 2255(f)(1). Docket 1.

---

[2] Under § 2255(f)(1) the one-year period begins to runs from the "date on which the judgment of conviction becomes final." A judgment of conviction becomes final 14 days after it has been entered if an appeal is not filed. *See* Fed. R. App. P. 4(b)(1)(A); U*nited States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (abrogated on other grounds by *Griffith v. Kentucky*, 479 U.S. 314 (1987)). Odie was sentenced on January 3, 2018, and he did not appeal. *See* Docket 1; CR. Docket 179.

8

The statute of limitations defense is subject to equitable tolling in appropriate cases. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). A petitioner must show that he was pursuing his rights and that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether the AEDPA limitations period should be equitably tolled requires a fact-intensive inquiry based on the totality of the circumstances. *Holland*, 560 U.S. at 649-50. The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief[.]" *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Equitable tolling is only applicable in two instances: (1) when extraordinary circumstances, that were beyond the petitioner's control, kept him from filing in a timely manner, or (2) when the petitioner's reliance on the government's conduct lulled the petitioner into inaction. *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). The cause for the delay in filing must be external to the petitioner's actions. *See id.* (citing *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)). Further, "[t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2255] petition." *E.J.R.E.*, 453 F.3d at 1098.

In this case, the Magistrate Judge found that equitable tolling could not be addressed because neither party raised it and the fact-intensive review could not be made. Docket 17 at 18. Odie did not argue that he was entitled to equitable tolling in his petition or allege any facts to support equitable tolling. And he did not file any objections to the Magistrate Judge's statement that equitable tolling had not been raised. But because Odie is representing himself pro se, the court gives Odie leave to allege facts to support equitable tolling. The court will address the remaining issues after considering the equitable tolling issue.

Thus, it is ORDERED

1. That Odie may file a brief to allege facts to support equitable tolling of the statute of limitations **on or before April 30, 2021**.

Dated March 31, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE