UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON C. ODIE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:20-CV-04039-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |

Petitioner, Clifton C. Odie, filed a petition for writ of habeas corpus under 28 U.S.C. § 2255. Docket 1. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2016, standing order.

Respondent moves to dismiss Odie's petition under Federal Rule of Civil Procedure 12(b)(6). Docket 13. The Magistrate Judge filed a report and recommendation that recommended appointment of counsel and an evidentiary hearing. Docket 17. The Magistrate Judge relied on Odie's argument that his petition was timely filed under 28 U.S.C. § 2255(f)(4) because of the Seventh Circuit Court of Appeals decision in *United States v. De La Torre*, 940 F.3d 939 (7th Cir. 2019). *Id.* at 11-19. Respondent objects to the report and recommendation. Docket 29. Respondent moves to dismiss the petition,

1

asserting that Odie's petition is untimely and that his claim is procedurally defaulted. Dockets 13, 14.

This court reviewed respondent's objections to the report and recommendation de novo. Docket 33. This court held that Odie's petition was untimely, because the Seventh Circuit's decision in *De La Torre* was a judicial decision instead of a new fact and as a result his petition was not timely under § 2255(f)(4). *Id.* at 7. The court found that Odie's petition was untimely under § 2255(f)(1), but because neither party addressed equitable tolling, this court granted Odie leave to file a brief to allege facts to support equitable tolling of the statute of limitations. *Id.* at 10. Odie filed a brief in support and a reply brief. Dockets 34, 53.

Whether the Antiterrorism and Effective Death Penalty Act limitations period should be equitably tolled requires a fact-intensive inquiry based on the totality of the circumstances. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief[.]" *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Equitable tolling is only applicable in two instances: (1) when extraordinary circumstances, that were beyond the petitioner's control, kept him from filing in a timely manner, or (2) when the petitioner's reliance on the government's conduct lulled the petitioner into inaction.

*United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). The cause for the delay in filing must be external to the petitioner's actions. *See id.* (citing *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)). Further, "[t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2255] petition." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006).

Odie argues that he acted with due diligence in pursuing his § 2255 petition because he filed his petition four months after the Seventh Circuit Court of Appeals decided *De La Torre*. Docket 34 at 2-3; Docket 53 at 4. Odie claims he filed his habeas petition one month after the decision appeared on the research channels at the prison. Docket 53 at 2-3. But this court has already held that the decision in *De La Torre* is not a new fact that would make his habeas petition timely under § 2255(f)(4). Docket 33 at 7. Thus, his timeliness after the *De La Torre* decision is irrelevant and does not establish equitable tolling.

This court found that Odie's petition was untimely under § 2255(f)(1). *Id.* at 8. After review of Odie's briefs, he has not alleged facts to show that circumstances beyond his control prevented him from filing his petition within the statute of limitations set forth by 2255(1)(1), or that the government's conduct "lulled" him into inaction. *Hernandez*, 436 F.3d at 858. Thus, the statute of limitations is not subject to equitable tolling in this case. Because Odie's petition is time-barred, and not subject to equitable tolling, this court will not address the Magistrate Judge's recommendation that Odie's

procedurally defaulted claims can come before the court based on the cause and prejudice standard. *See Ingram v. United States*, 932 F.3d 1084, 1091 n.4 (8th Cir. 2019) (stating that because petitioner's § 2255 was time-barred, the court would not reach whether his claims were "procedurally defaulted or analyze the claim on its merits"). Thus, this court rejects the Magistrate Judge's report and recommendation. Docket 17. Respondent's motion to dismiss is granted. Docket 13.

Finally, "a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." *Id.* at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Odie has made a substantial showing that his constitutional rights were denied, and reasonable jurists may find the district court's assessment of his constitutional claims debatable or wrong. Thus, a certificate of appealability is issued on the issue of whether Odie's § 2255 petition is time-barred under the AEDPA. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right.").

Thus, it is ORDERED

1. The Magistrate Judge's report and recommendation (Docket 17) is rejected and respondent's objections (Docket 29) are sustained.

2. Respondent's motion to dismiss (Docket 13) is granted and Odie's petition (Docket 1) is dismissed. All other pending motions (Dockets 11, 30, 32) are denied as moot.

3. Based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is granted on the issue of whether Odie's § 2255 petition is time-barred under the AEDPA.

Dated July 12, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE